IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. GILMORE, | No. C 14-2389 CW |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR ATTORNEYS' FEES AND DENYING AS MOOT MOTION TO FILE SURREPLY |
| v. | |
| WELLS FARGO BANK NA, a national bank; NDEX WEST LLC, a Delaware limited liability company; | |
| Defendants. | (Docket Nos. 27, 43) |

Plaintiff Kevin Gilmore initiated this action, alleging that Defendants Wells Fargo Bank NA and NDEX West LLC wrongly initiated foreclosure proceedings against him in violation of the California Homeowner Bill of Rights (HBOR).  On June 5, 2014, the Court granted Gilmore's application for a temporary restraining order (TRO) and ordered Defendants to show cause why a preliminary injunction should not issue.  Docket No. 17.  Wells Fargo responded and opposed the issuance of a preliminary injunction.  The Court granted a preliminary injunction, which required Gilmore to pay his monthly mortgage into trust in order to keep the injunction in place.  Docket Nos. 23, 44.  Wells Fargo later appealed the preliminary injunction to the Ninth Circuit.  Docket Nos. 34, 37.  After the preliminary injunction hearing, Gilmore filed a motion for attorneys' fees and costs.  Docket No. 27.

Gilmore's motion for attorneys' fees and costs is based on Section 2924.12(i) of the HBOR, which provides,

> A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section.

Gilmore contends that, because the Court granted him both a TRO and a preliminary injunction, the Court should award attorneys' fees. Gilmore cites a handful of cases showing that a party prevailing at the preliminary injunction stage may be awarded attorneys' fees even if he does not ultimately prevail on all of his claims. See Watson v. Cnty. of Riverside, 300 F.3d 1092, 1095-96 (9th Cir. 2002) (finding plaintiff to be the prevailing party because he obtained a preliminary injunction to exclude a report at an administrative hearing, even though he ultimately failed to prevail on some of his other claims); Williams v. Alioto, 625 F.2d 845, 847 (9th Cir. 1980) (by obtaining preliminary injunction, plaintiffs succeeded on a "significant issue in litigation which achieved the benefit the parties sought in bringing the suit," and so attorneys' fees were warranted even though the claims were later dismissed as moot). But none of the cited cases mandate that the Court award attorneys' fees before a final adjudication on the merits. Further, the cited cases emphasize that the requesting party had "succeeded on a significant issue in litigation, which achieved the benefit the parties sought in bringing the suit." Watson, 300 F.3d at 1096; Williams, 625 F.2d at 847. Whether Gilmore prevailed on a

significant issue will only become clear after the case has been finally adjudicated. Accordingly, Gilmore's motion is DENIED without prejudice to refiling after the Ninth Circuit has decided the appeal and final judgment has been entered.

Because the underlying motion has been denied, Wells Fargo's motion for leave to file a surreply is DENIED as moot.

IT IS SO ORDERED.

Dated: 9/2/2014

CLAUDIA WILKEN
United States District Judge