IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN E. GILMORE,

     Plaintiff,

  v.

WELLS FARGO BANK N.A., a national
bank; NDEX WEST LLC, a Delaware
limited liability company;

     Defendants.

_____/

No. C 14-2389 CW

ORDER GRANTING IN
PART AND DENYING
IN PART WELLS
FARGO'S MOTION TO
DISMISS AND
GRANTING PLAINTIFF
LEAVE TO AMEND
(Docket No. 29)

Plaintiff Kevin E. Gilmore asserts various mortgage-related claims against Defendants Wells Fargo Bank, NA and NDEX West, LLC.[1]  Wells Fargo moves to dismiss Plaintiff's complaint.  The Court took the motion under submission on the papers.  Having considered the arguments presented by the parties, the Court GRANTS the motion in part and DENIES it in part and GRANTS Plaintiff leave to amend.

BACKGROUND

I.   Request for Judicial Notice

Wells Fargo asks that the Court take judicial notice of several documents associated with Plaintiff's home loan.  Wells

_____

[1] In its August 28, 2014 order, the Court classified NDEX West a "nominal party to this action [that] is not required to actively participate in further proceedings and shall be treated as a nonparty for discovery purposes."  Docket No. 52. Nevertheless, Plaintiff names NDEX West as a party in his first amended complaint.

United States District Court
For the Northern District of California

Fargo's Request for Judicial Notice (RFJN) Exs. 1-9. "[A] court may take judicial notice of matters of public record." Sami v. Wells Fargo Bank, 2012 WL 967051, at *4 (N.D. Cal.) (citation omitted). Although courts generally cannot consider documentary evidence on a motion to dismiss, doing so is appropriate when the pleadings refer to the documents, their authenticity is not in question and there are no disputes over their relevance. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

Plaintiff opposes the inclusion of Exhibit Nine, a May 28, 2014 letter from Wells Fargo to Plaintiff explaining that his loan modification application has been pending for some time, is not complete, and due to the incompleteness of the application, it is unable to offer him assistance options. The Court takes judicial notice of the fact that this letter was sent, although not of the truth of the statements it contains. Accordingly, the Court takes judicial notice of Exhibits One through Nine.

II.  Facts

The following facts are taken from the first amended complaint (1AC) and documents of which the Court takes judicial notice.

In 2007, Plaintiff inherited from his grandfather the property at issue, located at 9556 Virginia Street, Berkeley, California.  1AC ¶ 11.  He has lived in the home since he was a child, and currently lives there with his family.  Id. ¶ 12.

United States District Court
For the Northern District of California

On June 21, 2007, he took out a loan secured by a promissory note in the principal sum of $375,000 to World Savings Bank, FSB. Id. ¶¶ 13-14.  Through a series of mergers, the servicing of his loan was transferred to Wachovia Bank and then to Wells Fargo. Id. ¶ 16.  According to the terms of the note, Plaintiff was required to obtain hazard insurance.  RFJN, Ex. 1.  He alleges that he provided proof of hazard insurance to his servicers several times.  1AC ¶ 18.  Due to the multiple changes in loan servicers and lost paperwork, however, Plaintiff's loan servicer automatically placed insurance on the property and required him to pay, even though he had his own coverage.  Id.

In 2010, due in part to the financial burdens of the wrongfully placed insurance, as well as his other financial obligations, Plaintiff became delinquent on his loan.  Id. ¶ 19. From 2011 to 2013, he submitted a number of applications seeking loan modifications.  Id. ¶ 21-26.  Each one was denied, almost always due to insufficient documents.  Id.  On or about March 21, 2012, Wells Fargo recorded and served a Notice of Default.  Id. ¶ 24.  Around June 2013, Plaintiff received notice that his loan modification application was rejected because he had excessive financial obligations.  Id. ¶ 25.  In late 2013, another loan modification was denied because Plaintiff had insufficient income. Id. ¶ 26.

In 2014, Plaintiff experienced a material change in his financial circumstances; he alleges that his income increased to

3

United States District Court
For the Northern District of California

$5,400 a month and his financial obligations decreased by approximately $1,000 a month.  Id. ¶ 27.  On March 12, 2014, he attended a home preservation workshop, sponsored by Wells Fargo, where he submitted a loan modification application to one of Wells Fargo's employees.  Id. ¶¶ 28-30.  Plaintiff alleges that in this application, the change in his financial circumstances was documented and submitted to Wells Fargo.  Id. ¶ 35.  The representative told Plaintiff that his application was complete.  Id. ¶¶ 28-30.

On March 13, 2014, a notice of trustee's sale was placed on the property.  RFJN, Ex. 6.  On March 24, 2014, Plaintiff received a letter from Wells Fargo acknowledging receipt of the loan modification application.  1AC, Ex. A.  It stated, in relevant part: "We will review the documentation you've submitted.  Please keep in mind, there may be additional documents required before we can determine if you're eligible for mortgage assistance."  Id.

On April 21, 2014, Plaintiff received a subsequent letter from Wells Fargo in response to his request regarding the status of his loan modification application.  Id., Ex. B.  The letter stated, in relevant part:

> As of the date of this letter, your mortgage loan is due for the December 15, 2010, through April 15, 2014 monthly installments.  Foreclosure is active and a foreclosure sale date is currently scheduled for May 19, 2014.  However, your mortgage loan is currently being reviewed for possible payment assistance, and you will want to continue working with Sarah Nuncio during the review process.

4

United States District Court
For the Northern District of California

Id. (emphasis added).  Plaintiff alleges that Wells Fargo has not sent any written documentation explaining the additional documents he needs to submit if the application is not complete.  Id. ¶ 34. He also alleges that Wells Fargo has not provided a written notice stating that his most recent loan modification application has been denied.  Id.  Plaintiff alleges that he wishes to obtain a loan modification so he can become current on his loan payments and keep his family in the home, but has not been given a fair chance to do so.  Id. ¶ 36.

Plaintiff's complaint consists of five causes of action: (1) violation of the Homeowner Bill of Rights, codified at California Civil Code section 2923.6 (HBOR); (2) request to void the notice of trustee's sale; (3) negligence; (4) negligent misrepresentation; and (5) fraud.

PROCEDURAL HISTORY

On June 5, 2014, this Court granted Plaintiff's application for a temporary restraining order and ordered Wells Fargo to show cause why a preliminary injunction should not issue.  Wells Fargo responded to the OSC and opposed the issuance of a preliminary injunction.  On June 18, 2014, the Court held a hearing and granted a preliminary injunction.  See Docket No. 23.  Wells Fargo has appealed the injunction to the Ninth Circuit.  See Docket No. 34.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Twombly, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. Id. at 1061. However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

**United States District Court**
For the Northern District of California

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

Wells Fargo seeks to dismiss Plaintiff's complaint in its entirety.

I.   First Cause of Action: Violation of the Homeowner Bill of
     Rights (HBOR), California Civil Code section 2923.6

Wells Fargo argues that Plaintiff's HBOR cause of action fails for several reasons.  First, it argues that its compliance with the National Mortgage Settlement (NMS) immunizes it from liability under California Civil Code section 2923.6.  Second, it argues that Plaintiff has not stated a claim upon which relief can be granted.

A.   National Mortgage Settlement (NMS) immunity

Wells Fargo argues that its compliance with the NMS shields it from liability under the HBOR.  This is the same argument the Court addressed in its order granting Plaintiff a preliminary

injunction against any further foreclosure actions by Wells Fargo. The Court rejects the argument here for the same reasons it rejected it in the previous order.

NMS is a settlement reached in United States of America v. Bank of Am. Corp., Case No. 1:12-cv-00361 RMC, in the District Court for the District of Columbia.  The terms of the NMS were memorialized in a Settlement Term Sheet, which imposes a number of requirements on NMS signatories.  The HBOR provides a safe harbor provision insulating an NMS signatory from liability so long as the signatory "is in compliance with the relevant terms of the Settlement Term Sheet of that consent judgment with respect to the borrower who brought an action pursuant to this section."  Cal. Civ. Code § 2924.12(g).

In its July 29, 2014 order granting a preliminary injunction, the Court discussed, at length, Wells Fargo's safe harbor argument.  See July 29, 2014 Order, Docket No. 44.  Ultimately, after considering its arguments, the Court found Wells Fargo's reasoning unpersuasive:

> Section 2924.12(g) unequivocally and unambiguously states that the compliance required for immunity from California's HBOR statutory provisions is "with respect to the borrower who brought an action pursuant to this section." . . .  The plain meaning of that phrase demonstrates that a defendant must comply with the terms with respect to the borrower in question, or else the borrower may sue under the HBOR. . . . This does not invade the jurisdiction of the District of Columbia court to enforce its own consent decree, monitoring signatories according to its own provisions.  Conversely, the monitor in the District of Columbia court does not govern the administration of California law.  The California legislature chose to incorporate the NMS' Settlement Term Sheet into the

United States District Court
For the Northern District of California

safe harbor provision of the HBOR but did not delegate to the NMS monitor the determination of the state's safe harbor provision.

Id. at 7-8.

Accordingly, the Court declines to dismiss this cause of action under the safe harbor provision of HBOR for the reasons stated above and as stated in its July 29, 2014 order.

B.   Failure to state a claim

Wells Fargo argues that even if Plaintiff's cause of action for an HBOR violation did not fail due to NMS immunity, it would fail because Plaintiff has not adequately articulated a violation of section 2923.6.

"If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c).  Before recording a notice of default or conducting a trustee's sale, the mortgage servicer must first make a written determination that the borrower is not eligible for a loan modification.  Id.  Denial of the loan modification triggers a thirty-day appeal period.  Id. at § 2923.6(d).  If a loan modification is offered, but the borrower either rejects the offer or accepts the offer but breaches the loan modification agreement, then the mortgage servicer may initiate foreclosure proceedings.  Id. at § 2923.6(c).

> According to the HBOR, a mortgage servicer is not required to evaluate first lien loan modification applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification . . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Ware v. Bayview Loan Servicing, LLC, 2013 WL 6247236, at *5 (S.D. Cal.).

At issue with regard to this cause of action is whether (1) Plaintiff had a complete loan modification application pending before Wells Fargo recorded the March 14, 2014 notice of sale; and (2) in light of his prior loan modification denials, whether Plaintiff had a material change in his financial circumstances that was documented and submitted to Wells Fargo prior to the recording of the notice of sale.

> 1.   Complete loan application prior to recording of notice of sale

Wells Fargo argues that Plaintiff's HBOR claim fails because he did not have a complete application pending at the time of the March 2014 notice of sale.  Plaintiff alleges the opposite; in the 1AC he states: "After Plaintiff submitted a complete loan modification application, Wells Fargo caused a Notice of Trustee's Sale to be filed against the Property."  1AC ¶ 31.

Plaintiff has alleged facts sufficient to support the inference that he submitted a complete application prior to the March 2014 recording of the notice of sale.  He alleges that, prior to March 14, 2014, he attended a home preservation workshop

hosted by Wells Fargo.  He alleges that he prepared all the required loan modification documents prior to the workshop, in accordance with a checklist promulgated by Wells Fargo. Furthermore, he alleges that he spoke to Wells Fargo's employee who both accepted the application and told him the application was complete.

Thus, Plaintiff has alleged facts sufficient to support his allegation that he had a complete loan modification application pending before Wells Fargo recorded the March 2014 notice of sale.

2.   Documented change in financial circumstances

Wells Fargo argues that even if Plaintiff submitted a complete loan modification application prior to the March 2014 recording of the notice of sale, it had no obligation to consider that application because Plaintiff had applied and been denied before, and did not submit documentation of a material change in his financial circumstances.

As stated above, a mortgage servicer is not obliged to consider a loan modification application from a borrower who has already been given a fair opportunity to be evaluated for a modification "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer."  Cal. Civ. Code § 2923.6.

Plaintiff admits that his 2013 modification application was denied due to insufficient income. However, he also alleges that "in 2014, there was a material change in [his] financial circumstances, including an increase in his income." 1AC ¶ 27. Specifically, he alleges that his income increased to $5,400 a month and his financial obligations decreased by approximately $1,000 a month. Id. ¶ 27. Furthermore, he alleges that he submitted documentation of this change in the application given to the Wells Fargo representative, who told him the application was complete.

Plaintiff argues that he need not allege any more than he has in order for the Court to deny the motion to dismiss on these grounds.

Plaintiff cites two cases in support of his assertion that his allegation of a material change in financial circumstances is sufficient. First, Plaintiff cites Vasquez v. Bank of Am., 2013 WL 6001924 (N.D. Cal.), claiming that in that case, "the plaintiff alleged that, after experiencing an increase in her income, she submitted a complete loan modification application to Bank of America. This was sufficient to survive a motion to dismiss." Docket No. 38 at 5. The Vasquez court stated, "Plaintiff has alleged that, after gaining new employment with a higher income, she . . . submitted a new loan modification application, 'including documentation of her increased income.'" 2013 WL 6001924 at *8. The plaintiff in Vasquez alleged that she had

United States District Court
For the Northern District of California

gained new employment with a higher income.  So, here, too, Plaintiff has alleged his increased income, that he submitted documentation of this change to Wells Fargo, and that he was told his application was complete.

Plaintiff also relies on Rosenfeld v. Nationstar Mortg., 2014 WL 457920 (C.D. Cal.).  The Rosenfeld court stated, "The Court finds that the [first amended complaint] states a claim for a violation of Civil Code § 2923.6 because plaintiffs allege that they notified Nationstar, by letter dated May 28, 2013, of a material change in their financial circumstances, namely, Sally Rosenfeld's elimination of her credit card debt."  Id. at *4.  The Court there rejected the defendants assertion that the plaintiffs' letter was not sufficiently detailed, concluding that "plaintiffs' statement in the letter regarding their elimination of credit card debt is sufficient to give rise to a reasonable inference of a 'material change in . . . financial circumstances.'"  Rosenfeld, 2014 WL 457920, at *5.  As in this case, the plaintiff in Rosenfeld alleged a specific change in her financial circumstances, and she alleged that she provided documentation of the change to Nationstar.

Therefore, Plaintiff has alleged facts sufficient to support his assertion that he had a change and that he submitted documentation of that change in a complete loan modification application.

Relying on Ware, 2013 WL 6247236, Wells Fargo argues, "Plaintiff's conclusory assertion of a material change in circumstances is not sufficient to satisfy this requirement." Docket No. 29 at 8-9.  In Ware, the plaintiffs alleged a material change in financial circumstances by submitting a letter that states, "[B]orrowers' financial circumstances have materially changed as their income and expenses have changed since they last submitted an application for foreclosure alternatives.  Specifically, the borrowers' routine expenses have increased which is a material change of circumstance."  2013 WL 6247236, at *5.  The court in Ware found this allegation insufficient to adequately plead a material change in financial circumstances:

> The Court finds that Plaintiffs' barebones letter does not satisfy the requirements of § 2923.6(g), which requires the borrowers to "document" and "submit" a material change in circumstances.  Plaintiffs' letter is bereft of any details or documentation.  To accept the letter as a valid notice of material change would be at odds with the very purpose of subsection, which is meant to relieve mortgage servicers from evaluating multiple loan modification applications submitted for the purpose of delay.

Id. at *6.

Here, however, Plaintiff has done more than allege a "barebones" explanation of his material change in financial circumstances.  Plaintiff has alleged a specific increase in his income to $5,400 per month and a specific decrease in his expenses by $1,000 per month.  His allegation is not "bereft of any details or documentation."  Hence, Wells Fargo's reliance on Ware, with regard to this issue, is unpersuasive.

United States District Court

For the Northern District of California

Accordingly, Plaintiff has stated facts sufficient to support his allegation of a material change in financial circumstances that was documented and provided to Wells Fargo.  Thus, the Court DENIES Wells Fargo's motion to dismiss this cause of action.

II.   Second Cause of Action: Void Notice of Trustee's Sale

Plaintiff asserts that because Wells Fargo filed a notice of sale while his loan modification application was pending, the "notice of sale is therefore void and must be rescinded," in compliance with the HBOR.  1AC ¶ 50-51.  In the alternative, Plaintiff alleges that the Court may cancel the notice of sale pursuant to California Civil Code section 3412.  Wells Fargo argues that (1) rescission of a notice of sale is not a remedy available under HBOR or under section 3412 and (2) Wells Fargo need not cancel the notice of sale unless Plaintiff tenders payment of his debt.

A.   HBOR remedies

Upon finding a HBOR violation, and before a trustee's deed upon sale has been recorded, "a borrower may bring an action for injunctive relief to enjoin a material violation."  Cal. Civ. Code § 2924.12(a)(1).

> Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer . . . has corrected and remedied the violation or violations giving rise to the action for injunctive relief.  An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

Cal. Civ. Code § 2924.12(a)(2).  If the enjoined entity fails to correct and remedy the violation, it may be liable for economic damages incurred as a result of the violation.  <u>Id.</u> at § 2924.12(b).

Plaintiff argues that because HBOR explicitly prohibits Wells Fargo from recording a notice of trustee's sale while a loan modification application is pending, if he prevails on the merits of his HBOR cause of action, the notice of sale is void and he is entitled to have it rescinded.  Plaintiff cites no authority, however, to support his assertion that voiding and rescinding a notice of trustee's sale is a remedy available under HBOR.  What is available, however, is injunctive relief to "enjoin a material violation of the act prior to foreclosure and to assert a claim for damages for a violation of the act following foreclosure."  <u>Alvarez v. BAC Home Loans Servicing, L.P.</u>, 228 Cal. App. 4th 941, 951 (2014).  In this case, if Plaintiff were to prevail on his HBOR claim, the sale would be enjoined until Wells Fargo remedied the violation.  Once the violation is remedied, Wells Fargo would be free to proceed with the foreclosure.  If Wells Fargo did not remedy the alleged violation, but proceeded to sell the property anyway, Plaintiff would be entitled to monetary damages.  See <u>id.</u>

Thus, even if Plaintiff were to prevail on the merits of his HBOR cause of action, he would not be entitled to having that notice of sale declared void and rescinded.  He would, however, be entitled to an injunction.  Accordingly, the Court construes this

**United States District Court**
For the Northern District of California

cause of action as one for injunctive relief and as such DENIES Wells Fargo's motion to dismiss it.

B.   California Civil Code section 3412

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."  Cal. Civ. Code § 3412.

Plaintiff argues that, as an alternative to the remedies available under HBOR, the Court can cancel the notice of sale in light of California Civil Code section 3412.  However, Plaintiff bases his section 3412 claim on an alleged violation of HBOR.  As discussed above, Plaintiff would be entitled to an injunction if a court finds that Wells Fargo violated HBOR, but not a cancellation.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss this cause of action.  If Plaintiff can allege a non-HBOR theory for why the notice of sale is void or voidable, he can do so in an amended complaint.

C.   Tender

Wells Fargo also argues that Plaintiff is attempting to state a cause of action for quiet title.  The Court disagrees. Plaintiff has stated in his complaint that he "wants the chance to become current on his loan to allow his family to stay in their home."  1AC ¶ 35.  He states that the "notice of sale is . . .

17

**United States District Court**
For the Northern District of California

void and must be rescinded." Id. ¶ 51.  Hence, he is not asking

to quiet title, only to have the notice of sale invalidated so

that he can attempt to resume payments and stay in his home.

III. Third Cause of Action: Negligence

Wells Fargo argues that Plaintiff's negligence claim fails

because he has not established that it owed him a duty of care.

"The elements of a cause of action for negligence are (1) a

legal duty to use reasonable care, (2) breach of that duty, and

(3) proximate cause between the breach and (4) the plaintiff's

injury." Mendoza v. City of L.A., 66 Cal. App. 4th 1333, 1339

(1998) (citation omitted).  "The threshold element of a cause of

action for negligence is the existence of a duty to use due care."

Paz v. State of Cal., 22 Cal. 4th 550, 559 (2000) (citing Bily v.

Young & Co., 3 Cal. 4th 370, 397 (1992)).

A.   Duty of care

Plaintiff alleges that Wells Fargo owed a duty of care in

processing his loan modification application.

> As a general rule, under California law, a financial
> institution owes no duty of care to a borrower when the
> institution's involvement in the loan transaction does not
> exceed the scope of its conventional role as a mere lender of
> money.  Liability to a borrower for negligence arises only
> when the lender actively participates in the financed
> enterprise beyond the domain of the usual money lender.

Inzerillo v. Green Tree Servicing LLC, 2014 WL 1347175, at * 5

(N.D. Cal.) (citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231

Cal. App. 3d 1089, 1095-96 (1991)).  "Whether a duty of care

exists is a question of law to be determined on a case-by-case

United States District Court
For the Northern District of California

basis." Alvarez, 228 Cal. App. 4th at 944.  The California

Supreme Court has provided the factors to be considered:

> In California, the test for determining whether a financial institution owes a duty of care to a borrower-client involves the balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.

Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958).

Following these principles, some courts have held that when a lender engages in loan modification negotiations there is no duty of care.  See, e.g., Badame v. JPMorgan Chase Bank, N.A., 2014 WL 585451, at *7 (C.D. Cal.) (holding that Chase had no duty of care when considering plaintiffs' loan modification applications because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money") (citing Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 67 (2013)); Morgan v. U.S. Bank Nat'l Ass'n, 2013 WL 684932, at *3 (N.D. Cal.) ("Some courts have found that a lender undertakes a duty of care when it offers a loan modification.  The more persuasive reasoning, however, is that, even where a lender offers a loan modification, that is nothing more than a renegotiation of loan terms"); Armstrong v. Chevy Chase Bank, FSB, 2012 WL 4747165, at *4 (N.D. Cal.)("a loan modification . . . is the same activity that

occurred when the loan was first originated; the only difference being that the loan is already in existence"); Hosseini v. Wells Fargo Bank, N.A., 2013 WL 4279632, at *7 (N.D. Cal.)(holding that even though "Plaintiffs argue that by undertaking the loan modification process and requesting and accepting documentation from Plaintiffs Defendant undertook a duty of care, numerous cases have characterized a loan modification as a traditional money lending activity and concluded that a financial institution owes no duty of care to a borrower in the loan modification process") (quotation marks omitted).

However, other federal district court opinions in this district and a recent California Court of Appeal opinion have held that when a lender agrees to consider a borrower's loan modification application, it then owes a duty of care in how it processes that application.

In Alvarez, the court considered facts similar to this case and held that, because "defendants allegedly agreed to consider modification of the plaintiffs' loans, the Biakanja factors clearly weigh in favor of a duty." Id. at 948. While the defendants did not owe a duty of care to offer or approve a loan modification, they did owe "a duty to exercise reasonable care in the review of [the plaintiff's] loan modification applications once they had agreed to consider them." Id. at 944. Similarly, in Ansanelli v. JP Morgan Chase Bank, N.A., 2011 WL 1134451, at *7 (N.D. Cal.), the court stated, "[T]he complaint alleges that

United States District Court
For the Northern District of California

defendant went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan.  Contrary to defendant, this is precisely 'beyond the domain of a usual money lender.'"  Likewise, in <u>Garcia v. Ocwen Loan Servicing, LLC</u>, 2010 WL 1881098, at *4 (N.D. Cal.), the court found that "by asking Plaintiff to submit supporting documentation, Defendant undertook the activity of processing Plaintiff's loan modification request.  Having undertaken that task, it owed Plaintiff a duty to exercise ordinary care in carrying out the task."

In the absence of Ninth Circuit authority with regard to this issue, this Court, after considering the <u>Biakanja</u> factors, is persuaded that Plaintiff has stated facts sufficient to support the allegation that Wells Fargo owed him a duty to process his loan modification with reasonable care.  The loan modification application process was intended to affect Plaintiff.  It was foreseeable that harm would occur to Plaintiff if his loan modification materials and application were not properly routed.  Wells Fargo knew, with certainty, that if Plaintiff's application was not properly handled, he would not receive a modification and, thus, would lose his home.  Furthermore, recent national and state legislation proscribing dual-tracking and requiring standard foreclosure procedures confirms that policy considerations weigh toward ensuring that loan modification applications are processed

with care prior to initiating foreclosure proceedings.  Although Plaintiff has not alleged facts to support imputing any moral blame to Wells Fargo, the other factors weigh heavily toward finding that Plaintiff has adequately alleged that Wells Fargo owed him a duty of care in processing his loan modification application.

B.   Breach of duty

Wells Fargo does not directly address Plaintiff's allegations with regard to breach of duty; instead it claims that "Plaintiff does not and cannot allege that he is entitled . . . to have his modification request processed at all."  Docket No. 29 at 13. However, as discussed above, Plaintiff has adequately alleged that Well Fargo owed him a duty of care in processing his loan modification application.  Furthermore, Plaintiff alleges facts sufficient to support his allegation that Wells Fargo breached its duty to exercise ordinary care and due diligence "in negligently processing his complete application; giving him inaccurate information regarding the process, filing a notice of sale while his application was pending, and; attempting to sell [his] home at auction while his application was pending."  1AC ¶ 54. Accordingly, the Court declines to dismiss this cause of action for failure to allege a breach of duty.

C.   Proximate cause between the breach and the injury

Wells Fargo argues that "the manner in which [it] processed a gratuitous application to change the terms of his loans in a way

22

**United States District Court**
For the Northern District of California

that would only favor Plaintiff, did not cause him any harm."
Docket No. 29 at 13.

In <u>Alvarez</u>, the court found that the plaintiffs had
adequately alleged proximate cause by claiming that "the improper
handling of their applications deprived them of the opportunity to
obtain loan modifications, which they allege they were qualified
to receive and would have received had their applications [been]
properly reviewed, and alternatively, that the delay in processing
deprived them of the opportunity to seek relief elsewhere."  228
Cal. App. 4th at 951.  Plaintiff alleges similar facts in this
case.  Plaintiff alleges that Wells Fargo's breach of duty
"contributed to and w[as] a substantial factor in causing [his]
damages, including but not limited to: Substantial emotional
distress regarding the potential loss of his childhood home, the
lost opportunity to find alternative ways to satisfy his mortgage
debt, the legal costs of enforcing his rights."  1AC ¶ 55.
Contrary to Wells Fargo's characterization, Plaintiff is not
alleging that his injury was the loss of his home or more
favorable loan terms.  Instead, Plaintiff is alleging that,
because Wells Fargo did not take care in handling his application,
the delay made it difficult for him to seek alternative
assistance.  Accordingly, the Court DENIES Wells Fargo's motion to
dismiss this negligence cause of action.

IV.   Fourth Cause of Action: Negligent Misrepresentation

Plaintiff alleges that "after [he] submitted his complete loan modification application . . . Wells Fargo made several misrepresentations, false promises, and/or acts of concealment concerning Plaintiff."  1AC ¶ 58.  Wells Fargo argues that Plaintiff's "negligent misrepresentation claim suffers from the same defect as his negligence claim: the lack of a duty of care." Docket No. 29 at 14.  It also argues that Plaintiff's pleadings are insufficient under the heightened pleading requirements of Rule 9(b).

A.   Duty of Care

"The elements of negligent misrepresentation are similar to intentional fraud except for the requirement of scienter; in a claim for negligent misrepresentation, the plaintiff need not allege the Wells Fargo made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing the statement to be true."  Charnay v. Cobert, 145 Cal. App. 4th 170, 184-85 (2006) (citing Bily, 3 Cal. 4th 370 at 407–408); see also Alliance Mortg. Co. v. Rothwell, 10 Cal. 4th 1226, 1239, fn.4 (1995) (negligent misrepresentation is a species of the tort of deceit and like fraud, requires a misrepresentation, justifiable reliance and damage).

Because negligent misrepresentation is a species of fraud, and not common-law negligence, Plaintiff need not allege a duty of care.  In any case, as discussed above, Plaintiff has adequately

**United States District Court**
For the Northern District of California

alleged the existence of a duty of care.  Accordingly, the Court declines to dismiss this cause of action for this reason. However, as discussed below, this cause of action must be dismissed for other reasons.

B.   Rule 9(b)

"The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation, but most district courts in California hold that it does." Villegas v. Wells Fargo Bank, N.A., 2012 WL 4097747, at *7 (N.D. Cal.)  See, e.g., Celebrity Chefs Tour, LLC v. Macy's, Inc., 2014 WL 1660427, at *8 (S.D. Cal.) ("Because a claim for misrepresentation sounds in fraud, the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply."); Errico v. Pac. Capital Bank, N.A., 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010) ("[N]egligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s heightened pleading standard"); In re Easysaver Rewards Litig., 737 F. Supp. 2d 1159, 1176 (S.D. Cal. 2010); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); but see Petersen v. Allstate Indem. Co., 281 F.R.D 413 (C.D. Cal. 2012) (finding that Rule 9(b) does not apply to negligent misrepresentation claims); Howard v. First Horizon Home Loan Corp., 2013 WL 6174920, at *5 (N.D. Cal.) ("negligent misrepresentation requires a showing that a Wells Fargo failed to use reasonable care – 'an objective standard [that] does not result in the kind of harm that Rule 9(b) was

designed to prevent'" (citing Petersen, 281 F.R.D. at 417-418));

Bernstein v. Vocus, Inc., 2014 WL 3673307, at *5 (N.D. Cal.) ("The

Court finds the reasoning of [Petersen and Howard] persuasive, and

joins in their holdings that negligent misrepresentation claims

are not subject to the heightened pleading standards of Rule

9(b)").

The Court agrees with the line of cases that hold that

negligent misrepresentation is a species of fraud, and, hence,

must be plead in accordance with Rule 9(b).  Accordingly,

Plaintiff is required to plead this cause of action with

particularity.  Fed. R. Civ. P. 9(b).  "For misrepresentation

claims, this standard is met when a party specifies the time,

place and specific content of the alleged fraudulent

representation; the identity of the person engaged in the fraud;

and the circumstances indicating falseness or the manner in which

[the] representations were false and misleading."  Celebrity Chefs

Tour, 2014 WL 1660427, at *8.  "The requirement of specificity in

a fraud action against a corporation requires the plaintiff to

allege the names of the persons who made the allegedly fraudulent

representations, their authority to speak, to whom they spoke,

what they said or wrote, and when it was said or written."

Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153,

157 (1991).

In the 1AC, Plaintiff fails to plead his negligent

misrepresentation cause of action with the particularity required

United States District Court
For the Northern District of California

by Rule 9(b).  Plaintiff alleges that Wells Fargo's misrepresentations included: "[t]elling Plaintiff that Wells Fargo was giving him a meaningful opportunity to be reviewed for a loan modification" and "[t]elling Plaintiff that Wells Fargo wanted to help him avoid foreclosure."  1AC ¶ 58.  These allegations are vague and fail to state "the who, what, when, where, and how of the misrepresentation."  Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

In his Opposition to the Motion to Dismiss, however, Plaintiff includes more specific allegations.  While the Court need not consider any additional allegations not found in the 1AC, even if it were to consider these additional allegations, Plaintiff's allegations still fail to comport with Rule 9(b).

In his Opposition, Plaintiff alleges that, at the home preservation workshop sponsored by Wells Fargo, a representative "accepted [his] complete loan modification application promising to review it in good faith."  Docket No. 38 at 15.  Again, however, Plaintiff fails to state any facts to support the allegation that anything said by Wells Fargo's representative was false, or that the representative lacked reasonable grounds for believing his or her statement was true.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss this cause of action for failure to state a claim.  Plaintiff is GRANTED leave to amend to remedy this deficiency if he can do so truthfully and without contradicting the allegations in his prior

pleadings.  In any amended pleading, Plaintiff need not provide the Wells Fargo's representative's name if he is unable to do so, but he does need to provide sufficient details with regard to the "time, place and specific content" of the misrepresentation, as well as why the representation was false or misleading.

V.    Fifth Cause of Action: Misrepresentation and Deceit

Plaintiff alleges that after "submit[ing] his complete loan modification application to Wells Fargo, Wells Fargo made several misrepresentations, false promises, and/or acts of concealment concerning Plaintiff."  1AC ¶ 64.

The Court construes this claim as one of fraud because "California law uses the words fraud and deceit interchangeably." State ex rel. Wilson v. Superior Court, 227 Cal. App. 4th 579, 600 (2014).  Thus, as explained above, this cause of action is subject to the heightened pleading requirements of Rule 9(b).

"A cause of action for fraud contains the following elements: (1) a knowingly false representation by the Wells Fargo; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." Hasso v. Hapke, 227 Cal. App. 4th 107, 127 (2014).  Plaintiff's allegations of misrepresentations, false promises and acts of concealment are the same allegations that support Plaintiff's negligent misrepresentation cause of action.  Consequently, as discussed above, this cause of action fails for the same reasons the negligent misrepresentation cause of action fails.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss this cause of action for failure to state a claim.  Plaintiff is GRANTED leave to amend to remedy this deficiency if he can do so truthfully and without contradicting the allegations in his prior pleadings.

CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss (Docket No. 29) is GRANTED in part and DENIED in part, and the Court GRANTS Plaintiff leave to amend.  Within fourteen days of the date of this order, Plaintiff may file an amended complaint to remedy the deficiencies identified above.  He may not add further claims or allegations not authorized by this order.

If Plaintiff files an amended complaint, Wells Fargo shall respond to it within fourteen days after it is filed.  If Wells Fargo files a motion to dismiss, Plaintiff shall respond to the motion within fourteen days after it is filed.  Wells Fargo's reply, if necessary, shall be due seven days thereafter.  Any motion to dismiss will be decided on the papers.

IT IS SO ORDERED.

Dated:  December 16, 2014

_____
CLAUDIA WILKEN
United States District Judge