RECEIVED
JUN 23 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Oakland*

KEVIN E. GILMORE

Plaintiff,

v.

WELLS FARGO BANK N.A., a national bank; NDEX WEST LLC, a Delaware limited liability company;

Defendants.

_____/

No. C 14-2389 CW

[PROPOSED] ORDER DENYING WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT

(Docket No.   )

Defendant Wells Fargo Bank N.A. asserts it is entitled to Summary Judgment on this case. Plaintiff counters that Defendant is not entitled to be granted a Summary Judgment due to key facts in the case being in dispute. After reviewing both parties' evidence the Court finds that there is admissible evidence to satisfactorily infer that Plaintiff's claims are supported.

## BACKGROUND & PROCEDURAL HISTORY

The core of the dispute centers around the issue of whether or not Plaintiff submitted a complete loan modification application, whether or not Defendant Wells Fargo adequately processed Plaintiff's loan modification application, and whether or not Defendant Wells Fargo violated the Homeowner Bill of Rights (HBOR) dual-tracking law found in Cal. Civ. Code §2923.6 when it recorded a trustee's notice of sale on March 13, 2014. Plaintiff contends that he and a non-borrower furnished all required documents at a March 12, 2014 Home Preservation Workshop held by Defendant Wells Fargo at the Oakland Marriott. In support of those claims Plaintiff provides several exhibits from that application (Gilmore Decl. Ex. J, K, L; Stepanski Decl. Ex. A,B,C,D). Plaintiff shows a 90 day Profit & Loss statement that he alleges to have given to Wells Fargo at the Home Preservation Workshop (Gilmore Decl. Ex. K). Defendant Wells Fargo's Motion for Summary Judgment argues that Plaintiff had missing documents, yet

ORDER DENYING MOTION FOR SUMMARY JUDGMENT   NO.: 4: 14-cv-02389-CW
PAGE NO. 1 to 3

Defendant's exhibits reflect that Defendant was in receipt of the allegedly requested documents (Turner Decl. Ex. 15). Plaintiff has proven that he provided a complete loan modification application and information upon which Defendant Wells Fargo could have processed the application and reached a decision.

Another point of the application dispute is as to whether or not additional documents were required of Plaintiff. Defendant Wells Fargo argues, "Plaintiff's failure to provide the requested documents caused Wells Fargo to send him a letter denying his request for loss mitigation assistance on May 28, 2014" (Dkt#80 pg 4:21-23; Turner Decl., Ex. 16). Even if Wells Fargo did request additional documents via a "letter identifying an additional missing document from the modification package" (Dkt #80 pg 4 12-13; Bailey Decl., Ex. 7 (Depo. Ex. 40)) Defendant Wells Fargo failed to provide a copy of that alleged letter in its Motion for Summary Judgment. Reference to that letter is therefore hearsay and inadmissible evidence. Further, Plaintiff supplies several letters from Defendant Wells Fargo "acknowledging receipt" of Plaintiff's application documents (Gilmore Decl. Ex. Q, R, S, T).

## LEGAL STANDARD & DISCUSSION

Fed. R. Civ. Procedure 56, which governs the Motion for Summary Judgment, allows for such motions to be granted only when all facts are undisputed. According to Fed. R. Civ. Procedure 56(e) the adverse party in a Summary Judgment motion "must set forth specific facts showing that there is a genuine issue for trial".

While Plaintiff and Defendant have a dispute about key facts in this case, the admissible evidence provided by both parties shows that Plaintiff indisputably had a loan modification application in Wells Fargo's computer system and Wells Fargo on multiple occasions acknowledged receipt of Plaintiff's documents (Turner Decl. Ex. 15; Gilmore Decl. Ex. Q, R, S, T). The facts of this case speak for themselves.

*Native Village of Stevens v. Smith* U.S. WL 766395 (1986) allows for the judicial branch to "examine the legislative history and structure" of legislation "to determine the goal Congress sought to accomplish in authorizing the program." As such this Court has reviewed the

1 legislation which created Making Home Affordable, HAMP, and other mortgage assistance
2 programs. Those programs were created with the intent to save homeowners from losing their
3 homes. The intention was to make it easier for lenders and borrowers to work out solutions to
4 avoid foreclosure. This litigation has been ongoing for over a year and Plaintiff and Defendant
5 have been unable to settle the matter amongst themselves. Wells Fargo has shown itself to be
6 unwilling to work out a solution for a homeowner and a member of the Pick-a-Payment class
7 action lawsuit settlement agreement which stipulates remedies for Plaintiff.

## CONCLUSION

For the foregoing reasons, the court DENIES with prejudice Wells Fargo's Motion for Summary Judgment (Docket No. 80). IT IS FURTHER ORDERED that Defendant pay Plaintiff $50,000 for damages caused by the mishandling of Plaintiff's March 12, 2014 loan modification since Plaintiff successfully received an injunction on the matter. Second, Defendant Wells Fargo is ordered to forgive all foreclosure fees, late fees, and fines assessed to Plaintiff between March 12, 2014 and the date of this order. Third, Wells Fargo is ordered to immediately apply all $1,800 payments made by Plaintiff to the Principal balance of Plaintiff's loan. Fourth, Wells Fargo is ordered to provide Plaintiff with the HAMP loan modification that was on the table March 2012 with monthly payments of $986.96 over an amortization term of 480 and an interest rate of 2.0% for at least 5 years, as well as the principal forgiveness and forbearance offered to Plaintiff at the March 2012 Home Preservation Workshop in Richmond, California. Fifth, Wells Fargo shall cover all of Plaintiff's attorneys fees and costs associated with this litigation. IT IS SO ORDERED.

Dated: _____

CLAUDIA WILKEN

United States District Judge

—

# CERTIFICATE OF SERVICE

*Use this form to show that a paper or document (other than a complaint) was served (sent or delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5. A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

**Case name:** GILMORE v WELLS FARGO BANK, NDEX WEST, et al

**Case number:** 4:14-cv-002389-CW

**What document was served?** *(Write the full name or title of the document or documents, e.g., "Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")*

Title(s): [Proposed] Order Denying Wells Fargo's Motion for Summary Judgment

**How was the document served?** *(Check one.)*
- ☑ Placed in U. S. Mail
- ☐ Sent by fax
- ☐ Hand-delivered
- ☐ Sent by delivery service (e.g., FedEx or UPS)

**To whom was the document sent?** *(Write the full name, address, and fax number of everyone who was sent the document. Usually, they will be the lawyers for the opposing parties.)*

Robert A. Bailey (Attorney for Wells Fargo)

Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP

199 South Los Robles Avenue, Suite 600

Pasadena, California 91101-2459

**When were the documents served?** *(When were they mailed, faxed, or delivered?)*

Date: June 23, 2015

**Who served the documents?** *(Whoever puts it into the mail, faxes, hand-deliveres, or sends by delivery service should print his/her name, address and sign. You can also do this yourself.)*

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

Signature: *Timothy Alford*

Printed name: Timothy Alford

Address: 904 Union St. Oakland, CA 94607

CERTIFICATE OF SERVICE [JDC TEMPLATE]        Rev. 6/2013

# CERTIFICATE OF SERVICE

*Use this form to show that a paper or document (other than a complaint) was served (sent or delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5. A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

**Case name:** GILMORE v WELLS FARGO BANK, NDEX WEST, et al

**Case number:** 4:14-cv-002389-CW

**What document was served?** *(Write the full name or title of the document or documents, e.g., "Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")*

Title(s): [Proposed] Order Denying Wells Fargo's Motion For Summary Judgment

**How was the document served?** *(Check one.)*
- [x] Placed in U. S. Mail
- [ ] Sent by fax
- [ ] Hand-delivered
- [ ] Sent by delivery service (e.g., FedEx or UPS)

**To whom was the document sent?** *(Write the full name, address, and fax number of everyone who was sent the document. Usually, they will be the lawyers for the opposing parties.)*

Edward A. Treder and James T. Lee (Attorneys for NDeX)

20955 Pathfinder Road, Suite 300

Diamond Bar, CA 91765

**When were the documents served?** *(When were they mailed, faxed, or delivered?)*

Date: June 23, 2015

**Who served the documents?** *(Whoever puts it into the mail, faxes, hand-deliveres, or sends by delivery service should print his/her name, address and sign. You can also do this yourself.)*

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

Signature: *Timothy Alford*

Printed name: Timothy Alford

Address: 904 Union St. Oakland, CA 94607