IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. GILMORE, | No. C 14-2389 CW |
| Plaintiff, | ORDER GRANTING WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| WELLS FARGO BANK, N.A., a national bank; NDEX WEST, LLC, a Delaware limited liability company; and DOES 1-10, inclusive, | (Docket No. 80) |
| Defendants. | |

Plaintiff Kevin E. Gilmore asserts various mortgage-related claims against Defendants Wells Fargo Bank, NA and NDEX West, LLC.[1]  Wells Fargo moves for summary judgment.  Docket No. 80.  Plaintiff has opposed the motion in pro per and Wells Fargo has replied.  The Court took the motion under submission on the papers.  Having considered the arguments presented by the parties, the Court GRANTS Wells Fargo's motion for summary judgment.

BACKGROUND

The following facts are undisputed unless noted.

In 2007, Plaintiff inherited from his grandfather the property at issue, located at 955 Virginia Street, Berkeley, California.  On June 21, 2007, he took out a loan secured by a

---

[1] Based on the parties' stipulation, the Court ordered that NDEX West, LLC "shall be deemed a nominal party to this action" and "shall not be required to actively participate in further proceedings in the action."  Docket No. 52 at 2.

promissory note in the principal sum of $375,000 to World Savings Bank, FSB.  Through a series of mergers, the servicing of his loan was transferred to Wachovia Bank and then to Wells Fargo.

In 2010, Plaintiff became delinquent on his loan.  From 2011 to 2013, he submitted a number of applications seeking loan modifications.  Each one was denied, almost always due to insufficient documents.  In October 2013, Plaintiff submitted a loan modification application.  In November 2013, that application was denied due to his excessive financial obligations.

In February 2014, Wells Fargo invited Plaintiff to attend a home preservation workshop to be held on March 12, 2014.  On March 11, 2014, Plaintiff spoke to Sarah Nuncio, a Wells Fargo employee who stated that the point of the phone call was to make sure Plaintiff could "go to the workshop and that [he could] walk away with a decision."  Bailey Decl., Ex. 15, Call Tr. 3:13-18.  Ms. Nuncio informed Plaintiff that he needed to bring: (1) evidence of the sources of incomes that contributed to the household, including a Form 1099 (self-employment) for co-habitant Kathryn Stepanski; (2) Plaintiff's and Ms. Stepanski's profit and loss statements for the prior ninety days or twelve months; (3) at least two bank statements from both Plaintiff and Ms. Stepanski that matched the profit and loss statements; (4) a 2012 tax return for Ms. Stepanski, including all schedules; (5) a non-borrower occupancy form for Ms. Stepanski; and (6) a utility bill, bank statement or car insurance statement that showed Ms. Stepanski lived at the property.  See id. at 11:12-38:6.  Ms. Nuncio stated that, after the call, she would send Plaintiff "an email package."  Id. at 26:16-24.

2

On March 12, 2014, Plaintiff attended the home preservation workshop and submitted documentation in support of a loan modification application to one of Wells Fargo's representatives. The next day, on March 13, 2014, Wells Fargo filed a Notice of Trustee's Sale on the property. Wells Fargo presents evidence that the application was incomplete, including internal logs reflecting missing documents. Plaintiff presents no evidence demonstrating that he in fact submitted these documents.

Plaintiff filed his complaint in this action on May 23, 2014. On July 29, 2014, this Court granted Plaintiff a preliminary injunction, preventing Wells Fargo from continuing foreclosure proceedings due to a likely violation of the dual-tracking provision of the Homeowners Bill of Rights (HBOR), California Civil Code section 2923.6. Wells Fargo appealed that ruling to the Ninth Circuit, which ordered mediation. As a result of the mediation, in September 2014, Plaintiff's former counsel, on behalf of Plaintiff, submitted all the documentation required by Wells Fargo to comprise a completed loan modification application. Wells Fargo denied that application in October 2014. Plaintiff appealed, and Wells Fargo denied the appeal on November 10, 2014.

Plaintiff's second amended complaint included five causes of action: (1) violation of the HBOR; (2) a request to void the Notice of Trustee's Sale; (3) negligence; (4) negligent misrepresentation; and (5) fraud. Wells Fargo was granted judgment on the pleadings on the second, fourth and fifth causes of action. Wells Fargo now moves for summary judgment on the remaining causes of action for a violation of the HBOR and negligence.

3

LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods:

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an

4

> essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. Id. This is true even though the non-moving party bears the ultimate burden of persuasion at trial. Id. at 1107.

//

//

5

ANALYSIS

I.  First Cause of Action: Violation of the Homeowners Bill of Rights, California Civil Code section 2923.6

Wells Fargo moves for summary adjudication on Plaintiff's HBOR cause of action. In his amended complaint, Plaintiff alleges that Wells Fargo violated the HBOR's dual-tracking prohibition, whereby a lender cannot simultaneously pursue foreclosure while also considering a borrower for a loan modification. Cal. Civ. Code § 2923.6. Wells Fargo makes four arguments for summary adjudication in its favor. First, it argues that, because the property at issue is not "owner-occupied," the HBOR's prohibition on dual-tracking does not apply. Second, it argues that Plaintiff cannot establish that he had a completed loan modification application pending at the time Wells Fargo pursued foreclosure. Third, it argues that it was under no obligation to continue to consider Plaintiff's multiple loan modification applications because he did not establish a material change in his financial circumstances. Fourth, it argues that, even if it violated the HBOR, the only remedy available is an injunction until the violation is cured. Wells Fargo argues that the violation has been cured and, thus, Plaintiff's claim is moot.

A.  "Owner-occupied"

Wells Fargo argues that the HBOR only applies to "owner-occupied" properties, and that Plaintiff was not living on the property at the time of the alleged violation.

California Civil Code section 2924.15(a) provides,

> Unless otherwise provided . . . Section[] . . . 2923.6 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property

6

>containing no more than four dwelling units. For these purposes, "owner-occupied" means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes.

Failure to establish owner-occupancy at the time of the alleged violation is fatal to an HBOR violation. See Patel v. U.S. Bank, N.A., 2013 WL 3770836 at *6 (N.D. Cal.)("These requirements, however, only apply to property that is owner-occupied. The Patels do not allege that the Property is 'owner-occupied,' as defined by the statute. Their claim fails as a result").

Plaintiff admitted that, as of March 30, 2015, no one was living at the property. See Declaration of Robert Bailey (Bailey Decl.) Ex. 7, Depo. 37:21-38:4. When asked what was the last date anyone resided at the property, Plaintiff responded, "Due to the City's ordinance . . . [n]o one's occupied the property until the permit expired. I can't tell you when exactly it expired[.]" Id. at 38:7-11. Plaintiff went on to explain that there are two buildings on the property, and while no one has lived in either building for at least two years, he had lived on the property in a camper parked in the driveway, or in a tent in the front and back yards. See id. at 44:7-45:12. However, he also admitted that he owned another home where his girlfriend and children live. See id. at 46:17-47:3.

Plaintiff supports his contention that the property was owner-occupied with various documents showing that he was issued owner-builder permits and a homestead exemption for the properties. See Declaration of Kathryn Stepanski (Stepanski Decl.) Ex. H at 24-25; Declaration of Kevin Gilmore (Gilmore Decl.) Ex. I. However, as Wells Fargo points out, these documents are not evidence that Plaintiff lived at the home on March 13,

7

2014, and Plaintiff does not himself state that he lived on the property on that date.

As noted above, to defeat a motion for summary judgment, Plaintiff must "set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. Plaintiff fails to do so. While the Court must draw any reasonable inferences in Plaintiff's favor, it is undisputed that no one was living in the home on the date of the alleged violation, even if Plaintiff was sleeping on the property. In fact, Plaintiff admitted that no one had lived in the home for at least two years prior to March 30, 2015. While Plaintiff claims to live on the property in a camper or in a tent, it would be an unreasonable inference that the camper or tent served as his primary residence when his girlfriend and children live in another home that is owned by Plaintiff.

Accordingly, because Plaintiff fails to present "evidence from which a jury might return a verdict in his favor," Anderson, 477 U.S. at 257, to rebut Wells Fargo's contention that the home is not owner-occupied, Wells Fargo is entitled to summary adjudication on this cause of action.

B.   Completed loan modification application

Even if Plaintiff's HBOR cause of action did not fail because the property was not owner-occupied, Wells Fargo argues that Plaintiff did not have a complete loan modification pending on

8

March 13, 2014 that would have precluded it from commencing foreclosure proceedings.[2]

California Civil Code subsections 2923.6(c) and (h) provide,

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending . . . (h) For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.

Plaintiff appears to challenge Wells Fargo's documentation requirements, stating that it is not the servicer that should determine what documents are required for a loan modification application, but rather that "congressional legislation determines what is required for a federally funded homeowner assistance program." Pl.'s Opp., Docket No. 84 at 7. Plaintiff cites only a petition for writ of certiorari to support his assertion, which directly conflicts with the plain language of section 2923.6(h). Thus, Plaintiff was required to comply with the documentation request in order for his application to be considered complete.

Plaintiff provides no evidence that he provided the required documentation Ms. Nuncio described. Rather than provide such evidence, he alleges that Wells Fargo did not establish that his modification application was incomplete until the next day. Thus, he concludes, the Notice of Sale that was recorded on March 13,

---

[2] In earlier stages of this litigation Plaintiff alleged that he had completed applications to Wells Fargo prior to March 13, 2014.

9

2014 violated the HBOR because Wells Fargo cannot establish that he did not have a complete application at that time.

Plaintiff's argument is unconvincing. Plaintiff points to Wells Fargo's March 2014 internal log of activity on his account as evidence that his loan application was complete on March 12, 2014. He states that "Wells Fargo only deemed [his] loan [modification application] incomplete because [Wells Fargo] had yet to request non-borrower Kathryn Stepanski's credit score and for [Wells Fargo] to conduct an appraisal." Id. at 8. However, Plaintiff ignores the multiple line items in the same log which show that, on March 12, 2014, Wells Fargo tagged his account as having "MISSING INCOME DOCUMENTATION." Declaration of Cynthia Sue Turner (Turner Decl.) Ex. 15. In addition, as Wells Fargo points out, Plaintiff relies on the phrase "CBR non borrower" to conclude that Wells Fargo was missing credit report information from Ms. Stepanski, information that was its responsibility to acquire. Plaintiff provides no factual support for this assertion.

Subsequent line items on the internal log indicate that Wells Fargo never considered the application to be complete. On March 13, 2014 at 5:45 p.m., the log stated: "Loan moving to Incomplete Documents." Id. On March 24, 2014 at 5:46 p.m., the log indicates that Plaintiff had not provided proof of occupancy for Ms. Stepanski, and that the profit and loss statement he provided for himself reflected only seventy-one days, instead of the ninety days that was required. Id. He claims that he "provided a 90 day profit and loss statement at [the workshop] and a Wells Fargo representative requested changes to that statement, which were made and approved at the workshop." Pl.'s Opp at 8. His evidence

10

is a copy of the statement he provided to Wells Fargo, which includes hand-written corrections on a document purporting to contain income information for January 1, 2014 through March 31, 2014.  Gilmore Decl. Ex. K.  However, Plaintiff signed and dated the form on March 12, 2014, the date of the workshop.  Id.  This document cannot reflect ninety days of profits and losses ending on March 31, 2014 because Plaintiff executed the document nearly three weeks early.  Similarly, nothing in the document suggests that March 12 is the end of a different ninety-day period; such a period would have begun in December 2013, not on January 1, 2014, as the document indicates.  See id.  Thus, Plaintiff has not provided any evidence that, on March 12, 2014, he submitted all of the documents required by Wells Fargo for a complete loan modification application.

As noted above, to defeat a motion for summary judgment, Plaintiff must "set forth specific facts showing there is a genuine issue for trial."  Anderson, 477 U.S. at 248.  He fails to do so.  Accordingly, because Plaintiff fails to present "evidence from which a jury might return a verdict in his favor" to rebut Wells Fargo's evidence that he did not have a complete loan modification application pending at the time it recorded the notice of sale, Wells Fargo is entitled to summary adjudication on this cause of action for this reason as well.

C.   Material changes in financial circumstances

Next, Wells Fargo argues that even if Plaintiff had submitted a complete loan modification application at the March 12, 2014 workshop, it was under no obligation to consider it because Plaintiff did not submit documentation of a material change in his

11

financial circumstances since Wells Fargo denied his loan modification application in November 2013.

> California Civil Code section 2923.6(g) provides,
>
> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification . . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Plaintiff claims that he demonstrated a material change in his financial circumstances by including Ms. Stepanski as a non-borrower occupant who contributed income to the household. He also claims that he provided a "6 month Profit & Loss submitted in October 2013 . . . [and] that document included a one time, uncharacteristic influx of funds into [his] sole proprietorship." Pl.'s Opp. at 8.

Plaintiff's claims are unsubstantiated. As discussed above, while Plaintiff provides copies of documents signed by Ms. Stepanski allowing Wells Fargo to obtain copies of her credit and tax information, Plaintiff never provided documentation to confirm that Ms. Stepanski resided at the property. Indeed, in the documents Ms. Stepanski signed, she listed her address as 1646 Fifth Street, Berkeley, California, not the Virginia Street address. See Stepanski Decl. Ex. B. Furthermore, Plaintiff does not include in his opposition any bank statements or financial information for Ms. Stepanski to show that she had any income to contribute. In addition, he fails to provide the six-month profit and loss statement that he claims showed an increase in his

12

business profits. Indeed, Wells Fargo provides a copy of Plaintiff's bank statements that show a decrease in his revenue for the first quarter of 2014 as compared to the last quarter of 2013. See Bailey Decl. Ex. 10.

As noted above, to defeat a motion for summary judgment, Plaintiff must "set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. He fails to do so. Accordingly, because Plaintiff fails to present "evidence from which a jury might return a verdict in his favor" to rebut Wells Fargo's contention that Plaintiff did not experience a material change in financial circumstances that was documented and disclosed to Wells Fargo, Wells Fargo is entitled to summary adjudication on this cause of action for this reason as well.

D.   Claim is moot

Wells Fargo argues that even if Plaintiff's HBOR cause of action did not fail for the reasons discussed above, the claim fails because it has conducted a subsequent review of Plaintiff's loan modification eligibility, thereby curing the alleged violation. In addition, it claims that the Notice of Trustee's Sale recorded on March 13, 2014 is no longer valid, so the claim is moot for that reason as well.

1.   Subsequent review

California Civil Code section 2924.12 provides, in relevant part,

> (a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6. (2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer . . . has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based

13

>on a showing that the material violation has been corrected and remedied. . . . (c) A mortgage servicer . . . shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale[.]

In its July 29, 2014 order, the Court found that Plaintiff had satisfied the factors identified in Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008), for a preliminary injunction against Wells Fargo. See Docket No. 44 at 14. In that order, the Court stated that it appeared that Plaintiff had never been provided a final rejection of his completed loan modification application, and that there were "serious questions going to whether [Plaintiff] completed his loan modification application." Id. at 12. Thus, the Court reasoned that, because one of the goals of the HBOR was to allow borrowers to receive "a meaningful and clear review of their loan modification applications," an injunction should issue. Id. at 15.

Wells Fargo now provides evidence that Plaintiff has received a review of an application it deems to be complete. It provides copies of emails sent between Plaintiff's former counsel, David Pivtorak, and Wells Fargo's counsel, Robert Bailey, in September, October and November 2014. See Bailey Decl. Ex. 1-4. On September 11, 2014, Mr. Pivtorak emailed "the completed application," with the documents requested, to Mr. Bailey. On September 23, 2014, Mr. Bailey requested additional documents, which Mr. Pivtorak provided on September 25 and September 29, 2014. On October 17, 2014, Mr. Bailey forwarded an email from Wells Fargo to Mr. Pivtorak with copies of the letters denying Plaintiff's loan modification application. On November 3, 2014, Mr. Pivtorak emailed documents to Mr. Bailey purporting to appeal

14

Wells Fargo's denial of Plaintiff's loan modification application. On November 17, 2014, Mr. Bailey forwarded to Mr. Pivtorak a copy of Wells Fargo's denial of Plaintiff's appeal.

Plaintiff argues that he was not aware that the information sent by Mr. Pivtorak to Mr. Bailey was for the purpose of reviewing a loan modification application. Instead, he claims, he believed the documents he provided to Mr. Pivtorak were simply to inform Wells Fargo of his financial circumstances. Nonetheless, Plaintiff does not contest that he has received a loan modification application review and a denial of that application. Thus, Wells Fargo has demonstrated that, even if a violation did occur, any material violation has been corrected and remedied. See Cal. Civ. Code § 2924.12(a)(2). Plaintiff does not allege that a trustee's deed upon sale has been recorded. Wells Fargo cannot be held liable for "any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale." Id. § 2924.12(c).

Because Plaintiff fails to present "evidence from which a jury might return a verdict in his favor" to rebut Wells Fargo's contention that any HBOR violation has been remedied and, thus, is moot, Wells Fargo is entitled to summary adjudication on this cause of action for this reason as well.

2.  No pending notice of trustee's sale

Wells Fargo argues a second ground for mootness of Plaintiff's HBOR claim in that the notice of trustee's sale in this case is no longer in effect, because it was recorded more than one year ago and no foreclosure is scheduled. Without a recorded notice of sale, the HBOR does not apply.

15

1    California Civil Code section 2924g(c)(2) provides, "In the
2 event that the sale proceedings are postponed for a period or
3 periods totaling more than 365 days, the scheduling of any further
4 sale proceedings shall be preceded by giving a new notice of
5 sale[.]"  Thus, the notice of sale recorded on March 13, 2014 was
6 ineffective as of March 13, 2015.  Plaintiff does not contest this
7 fact, or allege that a new notice of trustee's sale has been
8 recorded.
9    Accordingly, because Plaintiff fails to present "evidence
10 from which a jury might return a verdict in his favor" to rebut
11 Wells Fargo's contention that notice of trustee's sale is
12 ineffective and a new notice has not been recorded, Wells Fargo is
13 entitled to summary adjudication on this cause of action for this
14 reason as well.
15    E.   Conclusion
16    For all the reasons discussed above, Plaintiff has failed to
17 identify any disputed issues of material fact preventing summary
18 adjudication of his HBOR cause of action.  Accordingly, the Court
19 GRANTS Wells Fargo's motion for summary adjudication on this
20 claim.
21 II.  Third Cause of Action: Negligence
22    Wells Fargo moves for summary adjudication of Plaintiff's
23 negligence claim.
24    "The elements of a cause of action for negligence are (1) a
25 legal duty to use reasonable care, (2) breach of that duty, and
26 (3) proximate cause between the breach and (4) the plaintiff's
27 injury."  Mendoza v. City of L.A., 66 Cal. App. 4th 1333, 1339
28 (1998) (citation omitted).

### A. Duty of Care

"The threshold element of a cause of action for negligence is the existence of a duty to use due care." Paz v. State of Cal., 22 Cal. 4th 550, 559 (2000) (citing Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998)). On December 16, 2014, the Court denied Wells Fargo's motion to dismiss Plaintiff's negligence claim. See Docket No. 56 at 21. Based on the factors identified in Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958), and adopted in Nymark v. Heart Fed. Sav. & Loan Assn., 23 Cal. App. 3d 1089 (1991), the Court was persuaded that Plaintiff had adequately plead

> the allegation that Wells Fargo owed him a duty to process his loan modification with reasonable care. The loan modification application process was intended to affect Plaintiff. It was foreseeable that harm would occur to Plaintiff if his loan modification materials and application were not properly routed. Wells Fargo knew, with certainty, that if Plaintiff's application was not properly handled, he would not receive a modification and, thus, would lose his home. Furthermore, recent national and state legislation proscribing dual-tracking and requiring standard foreclosure procedures confirms that policy considerations weigh toward ensuring that loan modification applications are processed with care prior to initiating foreclosure proceedings. Although Plaintiff has not alleged facts to support imputing any moral blame to Wells Fargo, the other factors weigh heavily toward finding that Plaintiff has adequately alleged that Wells Fargo owed him a duty of care in processing his loan modification application.

Id.

In the current motion, Wells Fargo argues that the Court should not have applied the Biakanja factors because those factors only apply when a bank and a borrower are not in privity of contract at the time of the alleged conduct. Mot. Summ. J. at 15.

The Court declines to revisit this issue. As explained below, regardless of whether Wells Fargo had a duty of care, it is entitled to summary adjudication on the negligence claim.

17

B.   Breach, Damages and Causation

Wells Fargo argues that, even if it owed Plaintiff a duty of care in processing his loan modification applications, Plaintiff has not presented evidence of the other elements of a negligence claim: (1) breach; (2) causation; and (3) damages. Specifically, Wells Fargo argues that, although the Court found that Plaintiff had adequately plead a breach of the duty of care in processing his application, Plaintiff does not have any evidence to support his allegations.

Plaintiff's allegations with regard to breach are the same allegations he uses to support his HBOR cause of action. Plaintiff alleges that, on March 12, 2014, he provided all of the documentation required for a complete loan modification application that Wells Fargo "mishandled." Pl.'s Opp. at 19. As discussed above, Plaintiff has not provided any evidence of this mishandling, because he has not established that he submitted a complete loan modification application on March 12, 2014, that was pending at the time the notice of sale was recorded. He also does not provide any evidence that he was given inaccurate information as to what documents were required.

Accordingly, because Plaintiff fails to present "evidence from which a jury might return a verdict in his favor" to establish a breach of the duty to process his completed application with reasonable care, Wells Fargo is entitled to summary adjudication on the negligence cause of action. Because Plaintiff has failed to provide evidence of a breach of duty, the Court need not reach the issues of causation or damages.

//

CONCLUSION

For the reasons stated above, Wells Fargo's motion for summary adjudication on the HBOR and negligence causes of action (Docket No. 80) is GRANTED. All claims have now been adjudicated.

The Clerk of the Court shall enter judgment for Defendants and close the file. The parties will bear their own costs. The Clerk will mail a copy of this Order to Plaintiff.

IT IS SO ORDERED.

Dated: November 13, 2015   

CLAUDIA WILKEN
United States District Judge